## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

**Paul Fass**

**On behalf of Himself and**
**all others similarly situated.**

    **Plaintiff**

    **v.**

**Madison Restaurant Group, LLC**
**Matt Keeler**

    **Defendants.**

24-cv-289

**Case No.** _____

---

## COMPLAINT

Plaintiff, by his attorneys, for his Complaint against Defendants state as follows:

1.    This is a proposed collective action under the Fair Labor Standards Act, as well as a proposed class action under Chapter 109 of the Wisconsin statues by Plaintiff to seek redress, under both the FLSA and Wisconsin law, for minimum wages and overtime wages owed to him for his work as a tipped employee for Defendants.  Plaintiff additionally advances the individual claim under the FLSA that Defendant Madison Restaurant Group failed to pay to him all tips he earned in addition to tips that were paid to other tipped employees pursuant to a bona fide tip pooling arrangement.

## JURISDICTION AND VENUE

2.    This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. §201 et seq.

1

3.     This Court has supplemental jurisdiction over Plaintiff's claims brought under Wisconsin law pursuant to 28 U.S.C. §1367 because they are based upon the same nucleus of operative facts, and therefore form the same case or controversy as their FLSA claims.

4.     This Court has personal jurisdiction over Defendant Madison Restaurant Group because it operated a restaurant in Wisconsin; so that it is subject to the general jurisdiction of a Wisconsin Court for injuries that it caused to Wisconsin residents while operating.

5.     This Court has personal jurisdiction over Defendant Keeler because he would at least once per year visit Wisconsin to oversee the operation of the Liberty Station Restaurant in Madison, Wisconsin; because he made frequent phone calls and other communications with local management of the Madison Liberty Station Restaurant to oversee the operation of the Restaurant, and because his involvement in dictating payroll and tip credit notice policies of the Restaurant caused the Plaintiff's injury; and because Wisconsin does not recognize the fiduciary shield doctrine, so that Keeler cannot rely on any claim that his contacts with Wisconsin were on behalf of Madison Restaurant Group to avoid Wisconsin acquiring personal jurisdiction over him.

6.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events and omissions that give rise to this action occurred in this district.

## THE PARTIES

7.     Plaintiff Paul Fass is an adult resident of Wisconsin who for approximately seven months in 2022 worked as a server, bartender, and dining room assistant at the Liberty Station Restaurant located in Madison, Wisconsin. A copy of the FLSA consent signed by Fass is being filed with the Court at the same time that this Complaint is filed with the Court.

2

8.      Defendant Madison Restaurant Group, LLC is an Arizona limited liability corporation that is registered in Wisconsin as a foreign limited liability company.  Madison Restaurant Group operates three Liberty Station Restaurants, with one located in Madison, Wisconsin; and two others located in the Phoenix, Arizona metropolitan area.

9.      Defendant Matt Keeler served as the Director of Operations of the Liberty Station Restaurant in Madison, Wisconsin; and in that capacity had ultimate control over the hiring and firing of employees at the restaurant, had ultimate control over recordkeeping for the restaurant, was involved in overseeing the day-to-day operations of the restaurant either directly or through his contacts with local management, and was responsible for setting the restaurant's policies concerning employee compensation and notice of the tip credit that caused the Plaintiff's injuries.

10.     Both Defendants were employers engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §203, by, for example, purchasing equipment, materials, and other supplies that were directly or indirectly produced outside Wisconsin, by obtaining assistance from companies in other states for their restaurants' day-to-day operations, and by providing dining services to customers from outside Wisconsin who are traveling on interstate highways.  At all relevant times, Defendant Madison Restaurant Group has had annual gross volume of business at or above $500,000.

11.     By operating the Liberty Station Restaurant in Wisconsin, Defendant Madison Restaurant Group became an employer within the meaning of Wis. Stat. §109.03(1).

## FACTS

12.     Throughout the entirety of Plaintiff's period of employment at the Liberty Station Restaurant in Madison, Defendants claimed a tip credit against the FLSA and Wisconsin minimum

3

wage owed to him, so that he received a cash wage of $2.33 per hour when he worked as a server, and a cash wage of $5 per hour when he worked as a bartender or dining room assistant.

13.     For each of Plaintiff's hours worked over 40 per week, Defendants paid to him a cash wage equal to 1.5 times the cash wage he received for his straight time hours worked, so that Plaintiff received a cash wage of $3.50 per overtime hour worked as a server, and a cash wage of $7.50 per overtime hour worked as a bartender or dining room assistant.

14.     When Plaintiff was first hired, Defendants informed him of the cash wage rates that he would be earning, but never informed him that they would be claiming a tip credit against the minimum wage owed to him, how much the cash wage he received fell short of the minimum wage, that they would make up the difference if the combined cash wages and tips Plaintiff received fell short of the minimum wage, or that all tips must be received by employees with the exception of amounts shared pursuant to bona fide tip pooling arrangements.

15.     Even if a tipped employee did know that the minimum wage in Wisconsin is $7.25 per hour, he could not figure out from reviewing his check stub the hourly amount of the tip credit that Defendants were claiming, because each check stub showed both the employee's straight time and overtime cash wage rates, so that the employee could not know whether the tip credit claimed by Defendants was the amount claimed for his straight time hours worked, or the amount claimed for his overtime hours worked, which equaled 1.5 times the amount of the tip credit the Defendants claimed for his straight time hours worked; or was some number in between those two figures.

16.     The Liberty Station Restaurant located in Madison, Wisconsin never posted at locations visible to employees minimum wage posters from the United States Department of Labor.

4

17.     On a daily basis, Plaintiff would sign onto a point of service system, which would show him the amount of credit card tips he received and permit him to enter the cash tips that he received on the day. Plaintiff did not provide to Defendant Madison Restaurant Group any other records showing the amounts of tips he received on a daily or weekly basis.

18.     Plaintiff was paid on a bi-monthly basis, so that his check stubs only showed the amount of tips he was paid during each bi-monthly period. It is not possible for anyone to determine based solely on the check stubs the total amount of tips Plaintiff received each week, or that the tips Plaintiff received each week when divided by the number of hours he worked during the week equaled at least the hourly tip credit that Defendants were claiming.

19.     Upon information and belief Defendant Madison Restaurant Group's point of service system either did not maintain any records showing the amount of tips Plaintiff received on a daily or weekly basis; or maintained such records for only short periods of time.

20.     For the fourth quarter of 2022 Defendants reported to the Wisconsin Department of Workforce Development that Plaintiff received total income of approximately $4,600.

21.     Plaintiff received a total of two checks from Defendants for working at the Liberty Station Restaurant in the fourth quarter of 2022 that totaled about $3,500 including tips; and has never worked for Defendants at any other location or in any other capacity.

22.     While Plaintiff participated in a mandatory tip pooling arrangement while working as a server, the tips that he contributed to the tip pool that was paid to other employees should not be reported to the Wisconsin Department of Workforce Development as his income; and cannot explain the large discrepancy between the total wage he received on his checks, and the total

5

amount of wages that Defendants reported to the Wisconsin Department of Workforce Development he received.

23.    Upon information and belief, the discrepancy between the amount of wages that Defendants reported to the Wisconsin Department of Workforce Development and the amount of wages and tips that Plaintiff received on his checks can be explained by the fact that Defendants did not pay to the Plaintiff all tips he earned, even after discounting Plaintiffs' tips that were shared with other tipped employees pursuant to a bona fide tip pool.

24.    At all times between April 29, 2021 and the present, Defendants also employed servers, bartenders, and dining room assistants in their Liberty Station Restaurants located in the Phoenix, Arizona metropolitan area.

25.    At all times between April 29, 2021 and the present, the State of Arizona permitted employers to pay to tipped employees a minimum wage that was $3 lower than the general minimum wage, but above the federal minimum wage of $7.25 per hour. Arizona only permitted an employer to claim this tip credit if it can demonstrate the tipped employees received wages and tips equal to the full minimum wage, including the $3 tip credit, for all hours worked.

26.    Upon information and belief, Defendants claimed a tip credit against the cash wages payable to tipped employees working in their Liberty Station restaurants located in the Phoenix, Arizona metropolitan area; so that for each hour worked they received an amount equal to less than the full Arizona minimum wage for non-tipped employees.

27.    Upon information and belief, for each overtime hour worked by their Arizona tipped employees, Defendants paid to them a cash wage equal to 1.5 times their straight time cash wage for the same classification, whether it be server, bartender, or dining room assistant.

6

## COLLECTIVE ACTION ALLEGATIONS

28.      Plaintiff seeks collective certification on two claims for two separate groups of employees. First, for a collective consisting of those tipped employees who worked for Defendants in Wisconsin, Plaintiff seeks collective treatment for his claim that Defendants failed to provide to their tipped employees adequate notice of the tip credit, so that each tipped employee is entitled to the full minimum wage of $7.25 per hour for each hour worked.

29.      Second, for a collective consisting of those tipped employees who worked for Defendants in either Wisconsin or Arizona, Plaintiff seeks collective treatment for the claim that the amount of the claimed tip credit constitute remuneration for employment that must be included in the regular rate of pay, so that for each overtime hour worked each tipped employee is entitled to receive additional overtime pay in cash equal to ½ of the amount of the tip credit claimed by Defendants.

30.      The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b), for prospective members of the FLSA Class that are similarly situated to Plaintiffs and have claims similar to their first claim for relief.

31.      The claims of the Named Plaintiff is representative of the claims of members of both proposed FLSA collectives in that both Named Plaintiff and members of both collectives are or were tipped employees of the Defendants and experienced uniform tip notices and overtime computation policies, so that to decide liability the Court can uniformly decide whether notices of the tip credit that Defendants provided to their Wisconsin employees complied with the FLSA; whether the amount of the claimed tip credit constitute remuneration for employment that must be

7

included in the regular rate, and whether Defendant Keeler was an employer of each of Madison Restaurant Group's tipped employees.

## CLASS ALLEGATIONS

32.     Plaintiffs seek to represent the following classes pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All tipped employees employed at the Madison location of the Liberty Station Restaurant during the time period of May 1, 2022 to the present.

33.     Persons in the class identified above are so numerous that joinder of all members is impracticable. Upon information and belief, and taking into account the frequent turnover of employees, there are 40 or more potential class members; whose joinder are made more impracticable because class members who are former employees may no longer reside in Wisconsin; while class members who are current employees are economically dependent upon Defendants so that they may be more willing to passively participate in this action as class members, versus becoming a Named Plaintiff in a lawsuit against their current employer.

34.     There are questions of law common to the proposed class that predominate any questions solely affecting individual members of the class including but not limited to (a) whether under Wisconsin law the employee's regular rate of pay includes the tip credit claimed by the employer; (b) whether under Wisconsin law to pay the tipped minimum wage rather than the full minimum wage an employer must be able to show using its payroll records for each workweek that adding tips received to the cash wages paid, no less than the full minimum wage was paid to the employee; (c) whether Madison Restaurant Group adequately maintained records showing the amount of daily or weekly tips received by its tipped employees; (d) the appropriate formulas to use to compute the amount of minimum wages and overtime pay Madison Restaurant Group owes

to its employees; and (e) whether Maidson Restaurant Group's conduct was dilatory or unjust, so that it owes Wis. Stat. §109.11(2) liquidated damages to its Wisconsin tipped employees. .

35.    Plaintiff's claims are typical of those of the proposed Rule 23 class because Madison Restaurant Group paid him cash wages below $7.25 per hour; because Madison Group maintained the same records showing the tips received by each of its tipped employees; and because for his hours worked over 40 per week he received 1.5 times his cash wage plus 1 time the tip credit claimed by Madison Restaurant Group.

36.    Named Plaintiff will fairly and adequately protect the interests of the Rule 23 class; and has retained counsel experienced in complex wage and hour litigation.

37.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy in that Defendant's common and uniform policies and practices denied the Wisconsin Unpaid Wage Class overtime wages to which they are entitled; and the damages that each class member has suffered is likely in the hundreds or a few thousand dollars, and therefore pale in comparison to what it would cost to individually litigate the factual and legal issues presented by this litigation. In addition, class certification is superior because it will permit the Court to resolve predominate legal questions that drive the resolution of this litigation, while obviating the need for unduly duplicative litigation that might result in inconsistent judgments about the legality of the Defendant's pay practices.

### Count I.    Unpaid Minimum Wages and Overtime Pay Under the Fair Labor Standards Act.

38.    Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1-37 of the Complaint.

39.     Defendants failed to provide to Plaintiff pieces of information that they must provide to take the tip credit, including that they will take a tip credit against the minimum wage owed to the employees, the amount of the tip credit claimed, that the employer must make up the difference if the employees' cash wages plus tips fell short of the minimum wage, and that employees must be allowed to keep all tips received except for those tips redistributed through a valid tip pooling arrangement.

40.     As a result of the inadequate notice of the tip credit that Defendants provided, Plaintiff was entitled to the full minimum wage of $7.25 for each hour that he worked at the Liberty Station Restaurant for Defendants.

41.     Tips equal to the amount of the tip credit constitute remuneration for employment in that Defendants were required to pay the full amount of the tip credit to Plaintiff if the tips he received fell short of the full tip credit claimed, so that Plaintiff was entitled to, and had a reasonable expectation that he would, and was legally entitled to receive the full minimum wage including the tip credit claimed for each hour that he worked for Defendants.

42.     Tips equal to the amount of the tip credit do not fall within any of the exceptions recognized by §207(e) of the FLSA in that the amount of the tip credit was earned by the employee's hours worked rather that constituted a gift, a loss time payment, or an expense reimbursement; and because the tip credit that Plaintiff was guaranteed to receive for each hour worked was not a bonus, was not a contribution to a trustee or third person towards fringe benefits, and was not an overtime premium.

43.     Therefore, regardless of whether Defendants were entitled to claim a tip credit, the full amount of the tip credit Defendants claimed for each hour that Plaintiff worked for them must

10

be included in his regular rate of pay; so that under §207(a) of the FLSA for each hour worked over 40 Plaintiff was entitled to a cash payment equal to 1.5 times both his cash wage plus ½ the claimed tip credit; and Defendants violated the FLSA by failing to pay to Plaintiff cash wages equal to ½ of the claimed hourly tip credit for each hour he worked over 40 per week.

44.     Under §203(m)(2)(B) of the FLSA, Plaintiff was entitled to keep all of the tips that he earned from customers, regardless of whether Defendants were eligible to claim a tip credit, except for those tips that were paid to other employees who are eligible to receive tips pursuant to a bona fide tip pooling arrangement.

45.     The difference between the total wages that Defendants reported to the Wisconsin Department of Workforce Development that they paid to Plaintiff for the fourth quarter of 2022 and the total cash wages and tips that Plaintiff actually received for the fourth quarter of 2022 exceeds the amount of tips that Plaintiff shared with other employees eligible to receive tips; and in any event tips that Plaintiff shared with other employees should not be reported to the Wisconsin Department of Workforce Development as wages paid to Plaintiff.

46.     Upon information and belief, Defendants retained some of the tips that Plaintiff earned while he worked as a tipped employee at the Liberty Station Restaurant, in violation of §203(m)(2)(B) of the FLSA.

47.     Under Section 216(b) of the FLSA, Plaintiff is entitled to recover from Defendant the difference between the full straight time minimum wage and the cash straight time minimum wage he received for each hour that he worked for Defendants, plus additional overtime pay equal to ½ of the claimed tip credit for each hour he worked over 40 per week, plus all tips that he earned that were retained by Defendants.

11

48.    Defendants had some knowledge of their obligation to comply with state minimum wage and overtime laws for tipped employees, as shown by their payment of substantially higher minimum wage rates to their Arizona tipped employees, yet failed to make any attempt to investigate whether the notices of the tip credit (if any) they provided to their Wisconsin employees were adequate under the FLSA, whether the amount of the claimed tip credit constitute remuneration for employment under the FLSA, and whether they could retain any of the tips earned by their tipped employees; so that Plaintiff is entitled to the application of a three years statute of limitations on each of his claims against Defendants.

49.    Defendants at a minimum had no objectively reasonable basis for believing that their tip notice, overtime computation, and tip retention policies complied with the FLSA, so that Plaintiff is entitled to recover 100% liquidated damages on all minimum wage, overtime premium pay, and retained tips that Defendants owe to him.

50.    Defendant Keeler had sufficient control over personnel decisions, management, recordkeeping, and the tip credit notice and overtime computation policies that caused the Plaintiff's injury to constitute the Plaintiff's employer under the FLSA; so that he should be held jointly and severally liable along with Madison Restaurant Group for all FLSA damages owed to Plaintiff.

51.    Plaintiff is entitled to recover from Defendants his reasonable attorneys' fees and costs incurred in bringing this count of the Complaint under §216(b) of the FLSA.

**Count II.    Claim for Straight Time and Overtime Pay Under Wisconsin Law.**

52.    Plaintiff re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 51 of the Complaint.

12

53.     Under Wis. Stat. §104.035(3)(a), to pay employees the lower tipped minimum wage, the employer's payroll records must establish that the tips received by an employee during the week when added to the wages paid to the employee equaled no less than the applicable minimum wage.

54.     Upon information and belief, Madison Restaurant Group cannot use any of its payroll records to demonstrate that for each workweek Plaintiff received total cash wages and tips that equaled or exceeded $7.25 per hour when it only maintained records showing the amount of tips received by its employees on a bi-monthly basis; and not on a daily or weekly basis. Plaintiff therefore is entitled to the full $7.25 per hour for each hour that he worked as a tipped employee for Defendants.

55.     Under DWD §272.03(h), the regular rate of a tipped employee includes the amount of the tip credit claimed by the employer. Plaintiff therefore is entitled to 1.5 times the full $7.25 per hour for each hour he worked over 40 regardless of whether Madison Restaurant Group was entitled to claim a tip credit against the minimum wage owed to him.

56.     Even if Madison Restaurant Group could claim a tip credit against minimum wages owed to Plaintiff, under DWD §272.03(g)(1) the amount of the tip credit it is entitled to claim is the amount of the increase of the employee's wage rate on account of tips to equal $7.25 per hour; so that Wisconsin does not permit an employer to take a tip credit that exceeds the difference between the tipped employee's cash wage rate and $7.25 per hour. Wisconsin therefore does not permit Madison Restaurant Group to claim a tip credit larger than $4.92 per hour for the Plaintiff's overtime hours worked as a server, nor a tip credit larger than $2.25 per hour for Plaintiffs' overtime hours worked as a bartender.

13

57.    As a result, even if Madison Restaurant Group was entitled to claim a tip credit, for each hour worked by Plaintiff over 40 per week he was underpaid by an amount equal to ½ of the hourly tip credit claimed by Madison Restaurant Group.

58.    Under Wis. Stat. §109.03(5) Plaintiff may maintain a lawsuit against the Defendants to recover all minimum wage and overtime wages owed to him, which was not paid to him within 31 days of when the wages were earned.

59.    Pursuant to Wis. Stat. §109.11(2)(a) Plaintiff is also entitled to recover 50% liquidated damages on all minimum wages and overtime wages that remain unpaid to him. Plaintiff is also entitled to recover his reasonable attorneys' fees and costs of prosecuting his Wisconsin wage claims as authorized by Wis. Stat. §109.03(6).

WHEREFORE, the Plaintiffs respectfully request the Court to enter an order that:

1.    Imposes joint and several liability upon all Defendants for all unpaid minimum wage pay, all unpaid overtime pay, tips earned by Plaintiff that was neither paid to him nor paid to any other tipped employees pursuant to a valid tip pooling arrangement; 100% liquidated damages on all unpaid minimum wage, overtime pay, and improperly withheld tips; plus Plaintiff's reasonable attorneys' fees and costs to bring and prosecute his claims under the Fair Labor Standards Act, plus similar relief for each member of a certified collective action;

2.    Imposes upon Defendant Madison Restaurant Group liability for all unpaid minimum wages, overtime pay, and liquidated damages owed to Plaintiff, plus Plaintiff's reasonable attorneys' fees and costs to bring and prosecute his claims under Chapter 109 of the Wisconsin statutes, plus similar relief for each member of a certified class action; and

14

3.      Grants to the Plaintiffs such other and further relief as the Court deems just and proper.

Dated this 1st day of May, 2024.

/s/Yingtao Ho_____
Yingtao Ho (State Bar No. 1045418)
yh@previant.com
The Previant Law Firm S.C.
310 W. Wisconsin Ave. Suite 100MW
Milwaukee, WI 53212
(414) 271-4500
(414) 271-6308 (fax)

15

Consent to Opt In and
Participate as a Named Plaintiff in Suit for
Violations of Fair Labor Standards Act

I, Paul Fass, hereby consents to participate in the lawsuit against Madison Restaurant Group, LLC, as well as any other entities and individuals who are my employers under the Fair Labor Standards Act, under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years, Employers failed to pay to me overtime wages equal to a full 1.5 times my regular rate for all of my hours worked over 40 per week, so that I am consenting to join in a lawsuit for unpaid minimum wages, overtime wages, attorneys' fees and costs against Employers.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Dated: 4/26/24

Signed: