IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAUL FASS,

                Plaintiff,

  v.                                                     OPINION and ORDER

MADISON RESTAURANT GROUP, LLC,                      24-cv-289-jdp
*et al.*,

                Defendants.

---

Plaintiff Paul Fass moves for leave to serve defendant Keeler Hospitality Group, LLC, an Arizona company, by certified mail after repeated unsuccessful attempts at in-person service. Plaintiff initially moved for leave after making three unsuccessful attempts. The court denied that initial motion without prejudice, urging plaintiff to make at least one additional attempt to meet the "reasonable diligence" standard required by Arizona state law. Since then, plaintiff unsuccessfully attempted in-person service three more times and then filed this renewed motion. For the reasons stated below, the court GRANTS plaintiff's motion.

BACKGROUND

Plaintiff filed suit in May 2024 against Madison Restaurant Group, LLC, an Arizona corporation, and Matt Keeler, the Director of Operations of the Liberty Station Restaurant in Madison, Wisconsin. Dkt. 1 at 3. Later, in September 2024, plaintiff filed an amended complaint naming Keeler Hospitality Group, LLC, an Arizona corporation, as defendant in place of Matt Keeler the individual. Dkt. 20. The court issued a summons for Keeler Hospitality in August 2024. Dkt. 22.

Plaintiff hired a process server to serve Keeler Hospitality with the summons and complaint at its statutory agent's address in Scottsdale, Arizona. Dkt. 24 at 2. The agent's address is part of a private, guarded, and gated community. *Id.* The process server attempted to serve the agent in person at the listed address three times over the course of five days in August 2024. *Id.* Each time, the server was admitted into the gated community, reached the agent's unit, and knocked on the door, but no one responded. *Id.* at 3.

After those unsuccessful attempts, citing Federal Rule of Civil Procedure 4 and Ariz. Rev. Stat. § 29-3119(B)(3), plaintiff moved this court for leave to serve Keeler Hospitality by the substitute method of certified mail. *Id.* at 1. The court denied the motion without prejudice, reasoning that plaintiff had yet to show "reasonable diligence" because the three attempts were confined to a single week. Dkt. 28. The court urged plaintiff to try at least one additional time, and if that additional attempt was unsuccessful, said it would then reconsider substitute service. *Id.*

Since plaintiff's initial motion was denied, plaintiff attempted to serve the agent in person three more times between September and October 2024 but was unsuccessful. Dkt. 29 at 3. Plaintiff then filed this renewed motion. Dkt. 29.

ANALYSIS

Rule 4 permits service of process by following state law for serving summons in an action brought in courts of general jurisdiction in the state where service is made. Fed. R. Civ. P. 4(h)(1)(A) & 4(e)(1). In this instance, service is being made in Arizona. Under Arizona state law, if the statutory agent of an LLC cannot be served with reasonable diligence, the company may be served by certified mail. Ariz. Rev. Stat. § 29-3119(B)(3). "Reasonable

2

diligence" can be shown through multiple attempts at in-person service made over multiple days. *See Frenchans LLC v. Vestige LLC*, No. CV-22-00241-PHX-JZB, 2022 WL 20101082 *2–3 (D. Ariz. May 11, 2022) (finding reasonable diligence when plaintiff attempted to serve defendant nine times at four different locations).

Here, plaintiff has made six attempts at in-person service over multiple weeks but has yet to successfully serve Keeler Hospitality. Under the facts of this case, this constitutes reasonable diligence under Rule 4 and Ariz. Rev. Stat. § 29-3119(B)(3). Accordingly, it is ORDERED that plaintiff's motion for leave to file for substitute service is GRANTED. Plaintiff is directed to provide service by certified mail in line with Ariz. Rev. Stat. § 29-3119(B)(3).

Entered October 16, 2024.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge